UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JULIEN GABILLY,                                                                                  **Civil Action No.:**

                           Plaintiff,

                                               **COMPLAINT**
        -against-                                 *Jury Trial is Demanded*

CITY OF NEW YORK; RAHUL DASS
(in an official and individual capacity);
"JANE" SARANTE (in an official and
individual capacity); and LATEEF STINSON
(in an official and individual capacity),

                           Defendants.
------------------------------------------------------------------------X

      PLAINTIFF, JULIEN GABILLY, by and through his attorneys, WEINSTEIN & WEINSTEIN, LLP, providing upon information and belief the following Complaint and state and allege as follows:

## PRELIMINARY STATEMENT

      1.     This is a civil action seeking monetary relief, declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights via malicious prosecution and denial of a fair trial brought pursuant to 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendment of the United States Constitution, and the laws of the State of New York.

      2.     Specifically, Defendants (collectively and individually), negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive Plaintiff of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing

acts under color of law and depriving the Plaintiff of rights secured by the United States Constitution, Federal law and laws of the State of New York.

3. Defendants (collectively and individually), their agents, employees and servants unlawfully and under color of law, engaged in excessive force causing physical and psychological damage to Plaintiff as well as abused process in an attempt to cover-up the excessive force by claiming Plaintiff had resisted arrest via punching a New York City Police Officer in the chest.

4. Defendant, the City of New York was negligent in training, hiring, and supervising its Police Officers, employees, representatives, and/or agents.

5. The City of New York at all relevant times, was deliberately indifferent to the need to train its Officers.

6. Accordingly, as a direct result of the City of New York's policies and inactions, Plaintiff suffered harm to his liberty and person.

7. As a result of the Defendants' actions (collectively and individually), Plaintiff suffered a violation of his constitutionally protected rights; and significant and lasting physical and psychological harm.

## JURISDICTION AND VENUE

8. This action is being brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

9. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

10. This court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

11. Venue in the Southern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in The City of New York, New York County.

12. Pursuant to New York State Law, a Notice of Claim was submitted on February 27, 2019 and a 50-H hearing was conducted on May 7, 2019.

## PARTIES

13. Plaintiff, JULIEN GABILLY (hereinafter "PLAINTIFF") is a 40-year-old male, residing in Queens County, New York. PLAINTIFF is of French national origin.

14. Upon information and belief, the defendant CITY OF NEW YORK (hereinafter "NEW YORK CITY" or "DEFENDANT" or "DEFENDANT CITY") is a duly constituted municipal corporation of the State of New York. Upon information and belief, NEW YORK CITY formed and has direct authority over several different departments including the New York City Police Department. The aforementioned department and/or employees, agents, or representatives of these departments are directly involved in violations that are at issue in this Complaint.

15. Upon information and belief, Defendant RAHUL DASS (hereinafter "DAS") as all relevant times was a member of the New York City Police Department (hereinafter "NYPD) and employed by NEW YORK CITY.

16. Upon information and belief, Defendant "JANE" SARANTE (hereinafter "SARANTE"), at all relevant times herein was a member of the NYPD and employed by NEW YORK CITY. SARANTE Is referred to as "JANE" SARANTE as, at the time of this filing, her first name is currently unknown to PLAINTIFF.

17. Upon information and belief, Defendant LATEEF STINSON (hereinafter "STINSON") at all relevant times herein was a member of the NYPD and employed by NEW YORK CITY.

18. Defendants DASS, SARANTE, and STINSON are hereinafter collectively referred to as the INDIVIDUAL DEFENDANTS.

19. The INDIVIDUAL DEFENDANTS and DEFENDANT CITY are hereinafter collectively referred to as the DEFENDANTS.

20. The INDIVIDUAL DEFENDANTS are being sued in their individual and official capacities.

21. At all relevant times herein, INDIVIDUAL DEFENDANTS were acting under color of New York State and Federal law while employed by NEW YORK CITY at the NYPD.

## FACTUAL ALLEGATIONS

22. On January 1, 2019, PLAINTIFF stopped his vehicle in the vicinity of Grand Street and Clinton Street within New York County.

23. PLAINTIFF was then approached by Defendants DASS and SARANTE who were in NYPD uniform and driving a marked NYPD vehicle.

24. After the stop, DASS and SARANTE proceeded to order PLAINTIFF to stand against the side of his vehicle, in the cold rain and handed back PLAINTIFF's car keys.

25. After approximately 15-20 minutes of making PLAINTIFF wait against his vehicle in the cold and rain, PLAINTIFF repeatedly asked DASS and SARANTE if he may leave, to which they continued to give non-committal answers.

26. PLAINTIFF then stood up strait, as oppose to against his vehicle, he was then told to get back against his car, and in a span of a few seconds, PLAINTIFF's right wrist was grabbed and PLAINTIFF was thrown to the concrete ground by DASS an SARANTE acting together.

27. DASS and SARANTE proceeded to pummel PLAINTIFF, using their fists, elbows, knees, and bodies to cause significant harm to PLAINTIFF's body.

28. This excessive force resulted in significant bodily bruising over PLAINTIFF's arms, head, hands, torso, and legs.

29. Upon information and belief DASS and SARANTE knew that they had engaged in excessive and unnecessary force in that as they pummeled PLAINTIFF they removed and covered-up their body-cameras, preventing their continued visual recording.

30. PLAINTIFF was then placed inside a NYPD vehicle and taken to a precinct.

31. Approximately two hours later, while still bleeding, dazed from the beating and in pain, PLAINTIFF was taken to Bellevue Hospital for treatment of his injuries.

32. Subsequently, in further attempt to cover-up and justify the excessive and unnecessary force, Defendant STINSON falsely accused PLAINTIFF, via sworn-to New York City Criminal Court Complaint of punching DASS.

33. STINSON falsely claimed to have observed said punch via DASS's body-camera. However, said punch does not appear on said body-camera, or anywhere else, at all.

34. PLAINTIFF did plea guilty to Vehicle and Traffic Law section 1192.2, driving while intoxicated at a later date.

35. PLAINTIFF was compliant, non-aggressive, and at no point engaged in any violent behavior towards DASS or SARANTE.

36.     PLAINTIFF's conduct does not justify the excessive and unnecessary force used against him by DEFENDANTS.

37.     Moreover, PLAINTIFF suffered significant physical pain, including a loss of sensitivity to PLAINTIFF's hand, as well as psychological injury.

38.     As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFF suffers from anxiety, stress, sleeplessness, and panic attacks.

## AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
(Excessive Force)

39.     PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     DEFENDANTS, acting under color of law and while engaging in their official duties as Police Officers, did engage in excessive and unnecessary force by pummeling PLAINTIFF with their fists, knees, elbows, and bodies.

41.     PLAINTIFF was compliant, non-aggressive, and at no point engaged in any violent behavior towards DASS or SARANTE.

42.     PLAINTIFF's conduct does not justify the excessive and unnecessary force used against him by DEFENDANTS.

43.     Moreover, PLAINTIFF suffered significant physical pain, including a loss of sensitivity to PLAINTIFF's hand, as well as psychological injury.

44.     As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFF has lost earnings, suffers from anxiety, stress, sleeplessness, and panic attacks.

45.     The by reason of the foregoing, PLAINTIFF has been damaged.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983
(Municipal Liability)

46. PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. In actively inflicting and failing to prevent the above stated abuses incurred upon PLAINTIFF of Excessive Force and resulting deprivation of freedom that comes from a disregard to proper training of police officers; the DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of PLAINTIFF.

48. Said civil and constitutional rights are guaranteed to PLAINTIFF by 42 U.S.C. §§ 1983, Fourth, and Fourteenth Amendment of the United States Constitution.

49. NEW YORK CITY exhibited gross negligence and deliberate indifference to PLAINTIFF by allowing the INDIVIDUAL DEFENDANTS to patrol the streets without proper training or discipline.

50. NEW YORK CITY was more concerned about the result then the process itself, causing many individuals to be improperly stopped, seized and maliciously prosecuted without probable cause all because of the color of their skin and the areas in which they live.

51. Such policies of NEW YORK CITYdirectly and actually caused the harm to PLAINTIFF via encouraging and supporting Excessive Force by the NYPD and by the INDIVIDUAL DEFENDANTS.

52. NEW YORK CITY has permitted, tolerated, and encouraged a pattern and practice of unjustified, unreasonable, and illegal abuses and arrest of persons by police officers of NEW YORK CITY.

53. Although such police conduct was improper, said incidents were covered up and NEW YORK CITY, its agents, employees and servants by official claims that's the officers' gross negligence, excessive force and abuse of process were justified and proper, or by leveling false charges against the persons who were victims of said gross negligence, illegal searches and seizures and abuse of process, so as to insulate the offending police officers and other officials from prosecution and liability.

54. Said actions and claims have been fully backed by NEW YORK CITY, which has repeatedly and unreasonably sided with the abuse of persons so affected in far too many cases, despite vast evidence of wrongdoing by its police officers against individuals, including PLAINTIFF herein.

55. Additionally, NEW YORK CITY has systematically failed to properly train or identify the improper abuse, misuse, violative acts by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

56. Upon information and belief, specific systemic flaws in the NEW YORK CITY and its police department's policy provide for the unquestioning acceptance of the police officers' reports as provided regarding abuses and civil rights infringements, despite evidence to suggest that the police reports are inaccurate, untruthful and meant to conceal blatant police misconduct.

57. Said cover-up by the NEW YORK CITY, was executed in this case where NEW YORK CITY, its agents, employees and servants failed to properly act in a reasonable and lawful manner resulting in the excessive force of PLAINTIFF.

58. By permitting and assisting such a pattern of police misconduct, NEW YORK CITY, acted under color of custom and policy to condone, encourage and promote the deprivation of PLAINTIFF's Fourth, and Fourteenth Amendment rights.

59. The actions, of the INDIVIDUAL DEFENDANTS in supporting and causing excessive force and other such wrongs against PLAINTIFF was a direct result of NEW YORK CITY'S failure to train and supervise the INDIVIDUAL DEFENDANTS, who were each acting under color of law and pursuant to the objectives of NEW YORK CITY.

60. NEW YORK CITY should have known that such failures and gross negligence would cause the precise economic, emotional, physical and civil rights injuries suffered herein in by PLAINTIFF.

61. As a direct consequence of the NEW YORK CITY'S systemic practice, pattern, and custom of intentionally or recklessly promoting and supporting it's officers and officials violations of 42 U.S.C. § 1983, PLAINTIFF was deprived of right to be free of excessive force under the Fourth Amendment and subject to extensive harm.

62. As a proximate cause of NEW YORK CITY, its agents and employees, supporting and effectively promoting the very same police abuses which occurred against PLAINTIFF, PLAINTIFF was subjected to great fear, personal humiliation and degradation,

63. DEFENDANTS exhibited a wanton disregard for the harm and damage done to the economic and emotional wellbeing of PLAINTIFF.

64. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFF has lost earnings, suffers from anxiety, stress, sleeplessness, and panic attacks.

65. That by reason of the foregoing, PLAINTIFF has been damaged.

## AS AND FOR THE THIRD CAUSE OF ACTION:
## COMMON LAW ABUSE OF PROCESS
(Against the Individual Defendants)

66. PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67. DEFENDANTS, during the regularly issued criminal process, signed or caused to be signed a false statement that PLAINTIFF struck a police officer, with an intent to do harm to PLAINTIFF without excuse or justification, *i.e.*, the cover-up of the excessive unjustified force against PLAINTIFF.

68. That DEFENDANT did use the criminal process via the accusation of resisting arrest by punching an officer in a perverted manner to obtain a collateral objective, *i.e.* the cover-up of the excessive unjustified force against PLAINTIFF.

## AS AND FOR THE FOURTH CAUSE OF ACTION:
## COMMON LAW VICARIOUS LIABILITY
(Against the CITY OF NEW YORK)

69. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70. All of the above-mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while they were acting in furtherance of NEW YORK CITY official business.

71. All of the above-mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while acting within the scope of their authority and assigned duties as employees, agent, and officer for NEW YORK CITY.

72. NEW YORK CITY knew and/or should have known that said improper activity and blatant violations of PLAINTIFF'S constitutionally secured rights were taking place by its employees while acting within the scope of their assigned duties.

73. The INDIVIDUAL DEFENDANTS engaged in excessive force against PLAINTIFF with no cause.

74. The INDIVIDUAL DEFENDANTS filed and/or caused to be filed, false/perjured statements pertaining to the arrest of PLAINTIFF.

75. The above stated willful, reckless, negligent action taken by the INDIVIDUAL DEFENDANTS against PLAINTIFF, while acting within the scope of their authority was foreseeable and/or should have been reasonably anticipated by NEW YORK CITY.

76. NEW YORK CITY is responsible and/or liable to PLAINTIFF for each and every above-described act committed by the INDIVIDUAL DEFENDANTS while acting within the scope of their authority as employees, agents, and law enforcement officers for THE CITY OF NEW YORK.

77. As a direct result of DEFENDANTS grossly negligent acts, PLAINTIFF suffered and is entitled to damage sustained to date.

### **AS AND FOR THE FIFTH CAUSE OF ACTION**
(Assault)

78. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 77 of this Complaint with the same force and effect as though fully set forth herein.

79. DASS and SARANTE, acting under color of law and while engaging in their official duties as police officers, did engage in excessive and unnecessary force by pummeling PLAINTIFF with their fists, knees, elbows, and bodies.

80. PLAINTIFF was compliant, non-aggressive, and at no point engaged in any violent behavior towards DASS or SARANTE.

81. PLAINTIFF's conduct does not justify the excessive and unnecessary force used against him by DASS and SARANTE.

82. Moreover, PLAINTIFF suffered significant physical pain, including a loss of sensitivity to PLAINTIFF's hand, as well as psychological injury.

83. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFF has lost earnings, suffers from anxiety, stress, sleeplessness, and panic attacks.

84. The by reason of the foregoing, PLAINTIFF has been damaged.

## AS AND FOR THE SIXTH CAUSE OF ACTION
(Battery)

85. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 84 of this Complaint with the same force and effect as though fully set forth herein.

86. DASS or SARANTE, acting under color of law and while engaging in their official duties as police officers, did engage in excessive and unnecessary force by pummeling PLAINTIFF with their fists, knees, elbows, and bodies.

87. PLAINTIFF was compliant, non-aggressive, and at no point engaged in any violent behavior towards DASS or SARANTE.

88. PLAINTIFF's conduct does not justify the excessive and unnecessary force used against him by DASS or SARANTE.

89. Moreover, PLAINTIFF suffered significant physical pain, including a loss of sensitivity to PLAINTIFF's hand, as well as psychological injury.

90. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFF has lost earnings, suffers from anxiety, stress, sleeplessness, and panic attacks.

91. The by reason of the foregoing, PLAINTIFF has been damaged.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

92. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 91 of this Complaint with the same force and effect as though fully set forth herein.

93. DEFENDANTS' conduct has harmed Plaintiff emotionally.

94. DEFENDANTS have recklessly and wantonly engaged in excessive force that, foreseeably would result in emotional damages upon any person subjected to a brutal beating.

95. DEFENDANTS' conduct is a direct and proximate cause of PLAINTIFF's emotional distress.

96. DEFENDANTS' have negligently engaged in this conduct causing PLAINTIFF's emotional distress, as DEFENDANTS knew, or should have known, that acting in excessive force would result in PLAINTIFF's emotional distress.

97. Because of DEFENDANTS' conduct, PLAINTIF has been damaged.

## PUNITIVE DAMAGES

98. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 97 of this Complaint with the same force and effect as though fully set forth herein.

99. The acts of the DEFENDANTS were willful, wanton, malicious and oppressive and were motivated by a desire to harm DEFENDANT, without regard for PLAINTIFF's wellbeing or civil rights, and were based on a lack of concern and ill-will towards PLANTIFF.

100. Such acts therefore deserve an award of punitive damages in order to ensure that no such wanton violation of Civil Rights occurs to any others.

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS:

    a.    Special and Compensatory Damages;

    b.    Punitive Damages;

    c.    Award costs of this action including attorney's fees to the PLAINTIFF; and

    d.    An order granting such other legal and equitable relief as the court deems just and proper,

**A JURY TRIAL IS HEREBY DEMANDED.**

Pursuant to Fed. R. Civ. P. 38, PLAINTIFF hereby requests a trial by jury for all issues so triable.

Dated:    December 29, 2019
              Flushing, New York

                      Respectfully Submitted,

                      **WEINSTEIN & WEINSTEIN, LLP**
                      *Attorneys for Plaintiff*

            By:    _____/s_____
                      JACOB Z. WEINSTEIN, ESQ. (JW6133)
                      ISRAEL D. WEINSTEIN, ESQ. (IW6133)
                      68-15 Main St, 2nd Floor
                      Flushing, New York
                      Telephone: (646) 450-3484
                      E-Mail: Jacob@WeinsteinLLP.com
                                Israel@WeinsteinLLP.com