UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JULIEN GABILLY, <br><br>         Plaintiff, <br><br> v. <br><br> CITY OF NEW YORK, RAHUL DASS, "JANE" SARANTE, and LATEEF STINSON, <br><br>         Defendants. | No. 19-CV-11884 (RA) <br><br> AMENDED <br> OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

  Plaintiff Julien Gabilly brings this action against the City of New York and three individual officers of the New York Police Department—Rahul Dass, Maribel Sarante, and Lateef Stinson—asserting claims pursuant to 42 U.S.C. § 1983 for excessive force, failure to intervene, and conspiracy and claims pursuant to New York law for abuse of process, assault and battery, and negligent infliction of emotional distress. Before the Court is Plaintiff's Rule 12(c) motion for judgment on the pleadings, *see* Dkt. 27, and Defendants' cross-motion for partial judgment on the pleadings, *see* Dkt. 37. For the following reasons, Plaintiff's motion is denied, and Defendants' motion is granted in part and denied in part.[1]

## BACKGROUND

  Plaintiff filed the operative complaint on August 19, 2020, *see* Amended Complaint ("Am. Compl."), Dkt. 16, alleging as follows: On January 1, 2019, Plaintiff was driving in Manhattan when he voluntarily stopped his vehicle while facing the wrong way on a one-way street. *Id*. ¶¶ 22-23. (Plaintiff admits that he had been drinking and driving, and subsequently pled guilty to a misdemeanor for having done so. *See id*. ¶ 23.) After Plaintiff exited the vehicle, Officers Dass and Sarante

---

[1] This Amended Opinion & Order replaces the order at Dkt. 47, filed yesterday (August 16, 2021), and is identical to the superseded opinion except for its correction of an error in the concluding section that mistakenly referred to Plaintiff's motion as "granted," when in fact it is denied.

approached Plaintiff and directed him to stand against the side of his car. Although Plaintiff was compliant, after fifteen minutes he moved slightly off of his vehicle and the officers proceeded to forcibly arrest him, purportedly throwing him to the ground and pummeling him. *Id*. ¶¶ 31-35. In an "attempt to cover-up and justify the excessive and unnecessary force," Stinson falsely accused Plaintiff via a criminal court complaint of punching at Dass, and Dass submitted a sworn affidavit containing false statements about the incident. *Id*. ¶¶ 39–41. Plaintiff further claims that the individual defendants submitted false reports about the incident that accused Plaintiff of using force against them and defended their use of force as necessary for self-defense and to overcome Plaintiff's resistance. *Id*. ¶¶ 45–51.

On the basis of these alleged events, Plaintiff brought claims against the individual defendants for excessive force, failure to intervene, conspiracy, abuse of process, assault and battery, and negligent infliction of emotional distress, and also seeks to hold the City of New York liable under *Monell v. Dep't of Social Services* and vicariously liable under state law. Defendants answered the Amended Complaint on September 3, 2020. *See* Dkt. 24 ("Ans."). The Answer largely denies the factual assertions contained in the Amended Complaint, including all the factual allegations regarding the officers' alleged use of force and the filing of allegedly false reports. *See id*. ¶¶ 22–54.

On September 30, 2020, Plaintiff filed a motion for judgment on the pleadings. Asserting that "the same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to [Rule] 12(c) motions for judgment on the pleadings," *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010), Plaintiff argues that the Court is required to accept the veracity of the complaint's allegations and award him judgment on that basis. *See* Plaintiff's Memorandum in Support of 12(c) Motion for Judgment on the Pleadings ("Pl. Mem."), Dkt. 28, at 1–2. Defendants counter that Plaintiff miscomprehends the standard governing a plaintiff's motion for judgment on the pleadings, and further seeks dismissal of several of Plaintiff's claims. *See* Dkt. 39.

## DISCUSSION

### I. Plaintiff's Motion for Judgment on the Pleadings

Plaintiff argues that, because the Second Circuit has observed that the standard applicable to Rule 12(b)(6) motions to dismiss also applies to Rule 12(c) motions for judgment on the pleadings, the Court should assume the truth of the complaint's allegations, disregard Defendants' denials, and crown him the victor in this litigation (or at the very least determine that Defendants are not entitled to qualified immunity). If only it were that easy to win a federal lawsuit. Plaintiff laments that Defendants' arguments in opposition are "filled with, as any Bubby would put it, *narishkeit*."[2] But Plaintiff's motion brings to mind another Yiddishism: *chutzpah*.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings include the complaint, the answer, and any written instruments attached as exhibits. *See* Fed. R. Civ. P. 10(c).

Although "only defendants move to dismiss complaints for failure to state a claim under Rule 12(b)(6), both plaintiffs and defendants can move for judgment on the pleadings under Rule 12(c)." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, --- F.4th ---, No. 20-2709, 2021 WL 3118943, at *7 (2d Cir. July 23, 2021). When a defendant seeks dismissal of a complaint via a Rule 12(c) motion for judgment on the pleadings, courts indeed apply the same standard as they would to a Rule 12(b)(6) motion, accepting as true all well-pleaded allegations contained in the complaint and determining whether the complaint states a plausible claim to relief. *See Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). "When a plaintiff is the movant," however, "courts must accept all factual allegations *in the answer* and draw all reasonable inferences in favor of *the defendants*, who are the non-movants in that scenario." *Lively*, 2021 WL 3118943, at *7 (emphasis added). *See also Dist. No. 1, Pac. Coast Dist.,*

---

[2] *Narishkeit* is a Yiddish word meaning nonsense or foolishness. *See* Rukhl Shaechter, "Yiddish Word of the Day: Narishkeyt" (Jul. 10, 2020), available at https://www.youtube.com/watch?v=M4SM64OsuBA (last accessed August 16, 2021).

3

*Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.*, 933 F.3d 751, 761 (D.C. Cir. 2019) (quoting *Beal v. Mo. Pac. R.R. Corp.*, 312 U.S. 45, 51 (1941)) ("[W]hen the plaintiff moves for judgment on the pleadings, the defendant's 'denials and allegations of the answer which are well pleaded must be taken as true.'"). It should go without saying, then, that a court faced with a 12(c) motion need not always accept the *complaint*'s allegations as true and draw reasonable inferences in favor of the *plaintiff*; the court must rather "draw all reasonable inferences in the *non-movant*'s favor." *Lively*, 2021 WL 3118943, at *6 (emphasis added). *See also Liberty Mar.*, 933 F.3d at 761 ("We must give all reasonable inferences to the opponent's pleadings before entering a judgment on the pleadings.") (internal quotation marks omitted); *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020) ("When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief.").

These observations are enough to defeat Plaintiff's motion for judgment on the pleadings, which is premised on the wholly erroneous assumptions that "there are no issues of fact here" and that the Court must "only consider the facts as presented within the four corners of the complaint" and "assume their veracity." Pl. Mem. at 1, 2. As noted, Defendants' answer denies nearly all the allegations bearing on Plaintiff's claims, and it further raises twelve affirmative defenses. The outcome of this lawsuit will hinge on the development of a factual record concerning Plaintiff's conduct and the officers' responses. At this juncture, viewing the complaint, the answer, and the documentary evidence attached to the pleadings (including the video evidence) in the light most favorable to Defendants, it is beyond cavil that Defendants may succeed in raising meritorious defenses to Plaintiff's allegations. Plaintiff's motion thus fails. *See* Charles Alan Wright and Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed. 2021) ("[J]udgment on the pleadings only has utility when all material allegations of

fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.").

Plaintiff nonetheless insists that he should win now, because he "has put forth allegations supported by fact and exhibits, while Defendants have stated mere denials or claims of an inability to put forth a confirmation or denial." Pl. Mem. at 2. "Mere denials," however, are all that is required of Defendants at this stage of the litigation.[3] Plaintiff cites *Ezagui v. City of New York*, 726 F. Supp. 2d 275, 285 n.8 (S.D.N.Y. 2010), for the proposition that "[a] party's statement that it can neither admit nor deny [an adversary's] statement based upon the factual record is not a sufficient response to establish a disputed fact." But *Ezagui* was a summary judgment case and has no applicability here. In opposing a motion for summary judgment, a party can under some circumstances be expected to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). At this stage, however, the Court is obligated to accept the veracity of Defendants' denials and draw all reasonable inferences in their favor. *See Lively*, 2021 WL 3118943, at *7. Having done so, the Court denies Plaintiff's motion in its entirety.[4]

## II. Defendants' Cross-Motion for Judgment on the Pleadings

In opposing Plaintiff's motion, Defendants also argue that "the Court should go further [and] dismiss some of the more frivolous claims" in the complaint—in particular, the claims for conspiracy,

---

[3] An answer must "state in short and plain terms [the defendant's] defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Denials need not be detailed to meet "the basic requirements of Rule 8(b)," which "does not contemplate an elaborate reply to every allegation of a complaint." *Koch v. Pechota*, No. 10 CIV. 9152, 2013 WL 3892827, at *8 (S.D.N.Y. July 25, 2013). Answers must only "apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." Wright and Miller, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed. 2021); *see also Ricatto v. M3 Innovations Unlimited, Inc.*, No. 18 CIV. 8404 (KPF), 2019 WL 6681558, at *12, n.15 (S.D.N.Y. Dec. 6, 2019) (an answer need not "provide detailed justification for [its] denials").

[4] Although the Court views Plaintiff's motion as having bordered on frivolity, Defendants have not sought sanctions, and the Court will not impose them.

abuse of process, and negligent infliction of emotional distress. Def. Mem. at 4. Defendants argue that Plaintiff has failed to state a claim under these causes of action.

As noted above, when a defendant seeks dismissal of claims pursuant to Rule 12(c), the motion is governed by "the same standard applicable to dismissals pursuant to [Rule] 12(b)(6)," in which courts "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Johnson*, 569 F.3d at 43 (internal citations and quotation marks omitted). To survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 44 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 (2009)).

Defendants first argue for dismissal of the conspiracy claim. "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). To state a claim, the complaint "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (citation and quotation marks omitted). Because "conspiracies are by their very nature secretive operations," they "may have to be proven by circumstantial, rather than direct, evidence." *Hill v. City of New York*, No. 03-CV-1283 (ARR), 2005 WL 3591719, at *5 (E.D.N.Y. Dec. 30, 2005) (citation omitted). It is nonetheless "well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (citation and quotation marks omitted).

Here, Plaintiff's conspiracy claim consists of an allegation that the individual defendants "engaged in a scheme, each supporting the other['s] claim and false story, for the purpose of covering up the excessive force used against Plaintiff and used to punish Plaintiff further by alleging that

Plaintiff resisted arrest." Am. Compl. ¶ 67. According to Plaintiff, Defendants "effected this scheme and conspiracy by the overt act[s]" of submitting false statements via a criminal complaint against Plaintiff and in internal NYPD use of force and line of duty injury reports. *Id*. ¶¶ 68-69. Plaintiff argues that "[t]he conspiracy is apparent as each of the Individual Defendants uses and adopts the language of each other in their filed reports and sworn-to criminal court complaint." Pl. Mem. at 6. The Court disagrees. The fact that the officers used similar language to describe the incident, absent other evidence of a "meeting of the minds," does not give rise to a reasonable inference that they unlawfully conspired together. *See Cox v. City of New Rochelle*, No. 17-CV-8193 (PMH), 2020 WL 5774910, at *7 (S.D.N.Y. Sept. 28, 2020) (conclusory allegations that defendants "collaborated" with police officers to "concoct a story" insufficient to establish an express or tacit agreement to violate plaintiff's constitutional rights). Plaintiff's third cause of action for conspiracy under Section 1983 is thus dismissed.

Defendants next argue that Plaintiff's common law abuse of process claim must be dismissed. Under New York law, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76-77 (2d Cir. 2003) (citation omitted). To plead such a claim, a plaintiff must allege "not that defendant acted with an improper motive" in issuing legal process "but rather [with] an improper purpose"—that is, that the defendant sought to achieve a goal beyond or in addition to simply prosecuting the plaintiff. *See Kraft v. City of New York*, 696 F. Supp. 2d 403, 416 (S.D.N.Y. 2010). Here, Plaintiff alleges that the criminal complaint against him was improper in that the officers fabricated a "false claim of resisting arrest" in order to "cover up their unjustified and unreasonable use of force." Pl. Mem. at 10. *See* Am. Compl. ¶¶ 40–44; *see also* Dkt. 16-4 (misdemeanor complaint in New York County Criminal Court). Plaintiff

7

further alleges that any charges that he violently resisted arrest are false. *See* Am. Compl. ¶ 31 ("Plaintiff was entirely compliant and not combative."). In seeking dismissal of this claim, Defendants argue that the complaint does not contain allegations that the officers acted with any of the quintessential purposes that the New York Court of Appeals has found to be examples of "collateral objectives," namely "the infliction of economic harm, extortion, blackmail [or] retribution." Def. Mem. at 11 (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 275 (S.D.N.Y. 2010)). The cases cited by Defendants do not suggest, however, that those are the only types of "collateral objectives" that could give rise to an abuse of process claim. *See Brandon*, 705 F. Supp 2d at 275 (dismissing abuse of claim in the absence of an "explicit charge of extortion, blackmail, retribution, or *similar extraneous harmful goal*") (emphasis added). The Court agrees with Plaintiff that covering up an unconstitutional use of force, perhaps to forestall personal liability, could qualify as an illegitimate collateral objective for the issuance of criminal process. *See Crockett v. City of New York*, No. 11-CV-4378 (PKC), 2015 WL 5719737, at *11 (E.D.N.Y. Sept. 29, 2015) (plaintiff could proceed on abuse-of-process claim on the theory that defendant police officers arrested him "to conceal their own misconduct . . . in order to escape disciplinary charges and potential loss of employment"). The Court accordingly declines to dismiss Plaintiff's claim that the issuance of the criminal complaint against him was done in pursuit of an improper collateral purpose.

Defendants also argue that this claim must fail because a finding of probable cause defeats a claim of malicious abuse of process. *See* Def. Mem. at 11 (citing *Irish v. City of New York*, No. 09-CV-5568 (RMB), 2010 WL 5065896, at *6 (S.D.N.Y. Dec. 6, 2010)). *But see Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 958 (2d Cir. 2015) (noting the "considerable confusion within our Circuit regarding whether probable cause is a complete defense to a claim of abuse of process under New York law," but declining to resolve the issue). Defendants assert that Plaintiff is estopped from denying the existence of probable cause, having entered a plea of guilty to one count of the criminal

complaint for Aggravated DWI in violation of N.Y.V.T.L. § 1192-2-AA. Def. Mem. at 7; Am. Compl. ¶ 23 ("Plaintiff admits that he was drinking and driving and plead[ed] guilty as a result."). However, even assuming that probable cause is a complete defense to a New York abuse-of-process claim, the Court cannot conclude based on the existing record, including Plaintiff's disposition sheet, that the specific charges of resisting arrest were necessarily supported by probable cause. The question raised by Plaintiff's abuse-of-process claim is not whether Defendants had probable cause to arrest Plaintiff or to charge him with *something*, which would defeat a claim for false arrest, false imprisonment, or malicious prosecution.[5] The issue is rather whether Defendants falsely concocted a story—and swore to that story in a criminal complaint—that Plaintiff violently resisted arrest, all in order to achieve the improper collateral objective of covering up Defendants' own excessive use of force. Am. Compl. ¶¶ 101-102. The fact that Plaintiff pled guilty to the DWI charge, *see id*. ¶ 23; Dkt. 35-3 (disposition sheet), even if it conclusively establishes that Defendants had probable cause to charge Plaintiff with driving under the influence, does not necessarily establish that Defendants had probable cause to accuse him of resisting arrest. *See Tillman v. City of Coatesville*, No. CV 17-4152, 2018 WL 950111, at *3 (E.D. Pa. Feb. 16, 2018) (Pennsylvania malicious abuse-of-process claim premised on theory that Defendants "brought [resisting arrest] charges for the improper purpose of justifying [their] use of force" was not precluded by plaintiff's guilty plea to "one of the crimes, driving under the influence of a controlled substance," even where the guilty plea was fatal to plaintiff's false arrest and false imprisonment claims); *cf. Morrison v. Vine*, No. 17-CV-996 (LJV) (HBS), 2021 WL 1229558, at *4 (W.D.N.Y. Feb. 25, 2021), *report and recommendation adopted*, 2021 WL 1226446 (W.D.N.Y. Mar. 31, 2021) (considering but ultimately rejecting on the merits plaintiff's claim that defendants abused

---

[5] *See Tretola v. County of Nassau*, 14 F. Supp. 3d 58, 68-69 (E.D.N.Y. 2014) ("[A] guilty plea, even if to a lesser included offense under a charged violation, is fatal to a false arrest claim."); *Magnotta v. Putnam Cnty. Sheriff*, No. 13-CV-2752 (GBD) (GWG), (S.D.N.Y. Feb. 24, 2014) ("A guilty plea, even if it was a plea to fewer than all the charges, does not satisfy the 'favorable' termination element of a malicious prosecution claim.").

9

the criminal process by bringing fentanyl-related charges against him, even where plaintiff had pled guilty to cocaine-related charges). Whether or not the accusation of resisting arrest was supported by probable cause is therefore a factual question in dispute, and the Court declines to resolve it on the parties' cross motions for judgment on the pleadings.

Finally, Defendants seek dismissal of Plaintiff's claim for the negligent infliction of emotional distress ("NIED"). "Under New York law, a claim of negligent infliction of emotional distress requires a showing of (1) extreme and outrageous conduct, (2) a causal connection between the conduct and the injury, and (3) severe emotional distress." *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 297 (S.D.N.Y. 2015) (citation omitted). Defendants argue that such "extreme and outrageous conduct" is not found in a "routine excessive force case," that NIED claims are strongly disfavored where other tort remedies are available, and that Plaintiff's NIED claim is incompatible with his other tort theories founded on intentional conduct, such as excessive force. Def. Mem. at 12–13. Even assuming *arguendo* that any of the actions alleged by Plaintiff could amount to "extreme and outrageous conduct," the Court agrees that Plaintiff's NIED claim must be dismissed.

"Intentional and negligent infliction of emotional distress are torts that 'may be invoked only as a last resort, to provide relief in those circumstances where traditional theories of recovery do not.'" *Vivar v. City of New York*, No. 18-CV-5987 (VSB), 2020 WL 1505654, at *16 (S.D.N.Y. Mar. 30, 2020) (quoting *Salmon v. Blesser*, 802 F.3d 249, 256–57 (2d Cir. 2015)) (dismissing NIED claim when the underlying conduct could be redressed through traditional tort claims of false arrest and assault and battery). "As a result, all four New York State Appellate Division courts have held that such claims may never be brought when the challenged conduct falls well within the ambit of other traditional tort liability." *Id*. *See also Hays v. City of New York*, No. 14-CV-10126 (JMF), 2017 WL 782496, at *5 (S.D.N.Y. Feb. 28, 2017) ("[U]nder New York law, a person may not bring claims for intentional infliction of emotional distress or negligent infliction of emotional distress where, as here, there are

10

more traditional theories of tort liability available."). Here, the conduct complained of in the complaint all falls "within the ambit of other traditional tort liability," and "is clearly encompassed in" Plaintiff's surviving claims of excessive force, assault and battery, and abuse of process. *See Man Zhang v. City of New York*, No. 17-CV-5415 (JFK), 2018 WL 3187343, at *12 (S.D.N.Y. June 28, 2018). The NIED claim must thus be dismissed. *See Cabrera v. City of New York*, No. 16-CV-1098 (GBD), 2017 WL 6040011, at *11 (S.D.N.Y. Dec. 4, 2017) (where the complained-of conduct fell "within the scope of claims of unreasonable search and seizure, false arrest, and malicious prosecution, a cause of action for IIED or NIED is unavailing"); *Vassiliou v. City of New York*, No. 18-CV-0779 (EK), 2021 WL 76916, at *14 (E.D.N.Y. Jan. 7, 2021) (same).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (Dkt. 27) is denied, and Defendants' motion (Dkt. 37) is granted in part and denied in part. Plaintiff's claims for Section 1983 conspiracy and negligent infliction of emotional distress are dismissed. A status conference is hereby scheduled for September 10, 2021 at 9:30 a.m. The Court will hold this conference by telephone. The parties shall use the dial-in information provided below to call into the conference: Call-in Number: (888) 363-4749; Access Code: 1015508.  No later than September 3, 2021, the parties are directed to file a joint letter updating the Court on the status of discovery and any efforts they have made to settle this case.

SO ORDERED.
Dated:   August 17, 2021
         New York, New York

                                                                                  RONNIE ABRAMS
                                                                                  United States District Judge